JOSEPH O. SAURETTE *v.* UNITED STATES [1]

United States Customs Court, Third Division

(Decided July 6, 1938)

*Tompkins & Tompkins* (*J. Stuart Tompkins* and *Allerton deC. Tompkins* of counsel) for the plaintiff.

*Joseph R. Jackson*, Assistant Attorney General (*John J. McDermott*, special attorney, and *Alfred A. Taylor, Jr.*, junior attorney), for the defendant.

[1] C. D. 10.

Before Cline, Evans, and Keefe, Judges; Evans, J., not participating

Keefe, Judge: This case involves the importation of eleven cases of wines and liquors in the baggage of the plaintiff and his wife. The merchandise was purchased in Cuba. It did not accompany the travelers upon their return to the United States because of transportation difficulties. Upon their arrival a joint baggage declaration was executed including the wines and liquors in question under the $100 exemption clause in paragraph 1798, Tariff Act of 1930, the law in effect upon the date of their arrival, which provides as follows:

Par. 1798. * * * *Provided further*, That up to but not exceeding $100 in value of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty * * *.

Thereafter, upon June 26, 1936, in the Liquor Tax Administration Act, section 337, Congress amended paragraph 1798, *supra*, in manner following, to-wit:

Par. 1798. * * * *Provided further*, That up to but not exceeding $100 in value (including distilled spirits, wines, and malt liquors aggregating not more than one wine-gallon) of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty * * *.

The wines and liquors in question arrived from Cuba on January 4, 1937. The collector assessed duty thereon under the appropriate paragraphs of the Tariff Act of 1930, including the duty applicable to the bottles in which the spirits, etc., were contained, allowing an exemption from duty only to the extent of two wine gallons, in accordance with the amended act.

The plaintiff claims that the dutiable status of baggage is controlled by the arrival of the returning resident; that is, when baggage arrives in the United States subsequent to the return of the traveler, the dutiable status thereof relates back to the time of arrival of the returning residents. Plaintiff therefore argues this constitutes an exception to the general rule that the status of merchandise for duty purposes is governed by the time of its arrival in the United States or upon its withdrawal from warehouse or customs custody.

The Government contends that an amendment of the law relative to the class of exemptions to which the paragraph applies, enacted after the arrival of the traveler, but before the arrival of the baggage, governs the exemption of duty upon otherwise dutiable merchandise.

The question presented, therefore, is whether or not the dutiable status of baggage is governed by the time of arrival of the traveler in circumstances where a change in law restricts the exemption from duty upon wines and liquors to one wine gallon.

It is true, as stated by counsel for plaintiff, that it has been held by this court that the question of exemption from duty upon articles purchased abroad by returning residents and entering the United States subsequent to the arrival of the traveler relates back to the time of arrival. However, in the cases cited by the plaintiff, no change of law was involved, and the court had reference particularly to the continuing existence of a congressional grant of exemption from duty accorded returning residents upon dutiable merchandise found to be a part of their baggage as being operative at the time of the traveler's return to the United States. Therefore the conclusion was reached that baggage entering the United States within a reasonable time after the return came within the exemptions so accorded, inasmuch as the traveler's act of returning gave color to his claim for exemption upon articles forming a part of his baggage. Such findings of the court, however, are not applicable to the case at bar. Here an entirely different situation exists. Congress repealed by implication the character of the exemptions heretofore granted, and provided by law that a returning resident shall be allowed an exemption in respect to alcoholic spirits of one wine gallon only. Although we are of the opinion that the repeal by implication of the old provision does not affect the right of the returning resident to enjoy the privilege of receiving exemption from duty upon baggage that follows his return, it does affect the nature of the articles he is privileged to import under the $100 exemption. It must be borne in mind that the articles in question are all subject to duty under the tariff laws and the free entry thereof is accorded by reason of a special grant of Congress, which may be withdrawn at the pleasure of the legislature. The privilege being withdrawn before the importation of the articles in question, they become properly subject to the imposition of duty under the tariff laws in operation at the time of arrival.

For the reasons stated judgment will be rendered in favor of the defendant.