(C. D. 307)

(Mrs.) Leonore G. Levin *v.* United States

United States Customs Court, Third Division

(Decided March 26, 1940)

*Tompkins & Tompkins (J. Stuart Tompkins* of counsel) for the plaintiff.
*Webster J. Oliver,* Assistant Attorney General *(Samuel D. Spector,* special attorney), for the defendant.

Before Cline, Evans, and Keefe, Judges

Keefe, Judge: The plaintiff herein imported a certain antique Sheraton chest of drawers from Canada as personal effects following her return to the United States. Duty was assessed thereon at 40

per centum ad valorem under paragraph 412 of the Tariff Act of 1930. The plaintiff claims the merchandise to be free of duty as personal effects under paragraph 1798. The facts as disclosed by the record and testimony of the plaintiff are about as follows:

The plaintiff left Seattle, Wash., by automobile early on the morning of July 1, 1938, and arrived in Canada at about 10 a. m.; that she purchased the merchandise in question that same day; that she returned to this country on Saturday, July 2, and at that time, in her baggage declaration, declared the merchandise before us here as following later. The imported article was subsequently shipped, crossed the border into the United States on July 15, 1938, and entry was made therefor on July 28, 1938. The record further establishes, without contradiction, that the plaintiff is an American citizen, a resident of the City of Chicago, Ill.; that no previous claim for exemption had been made within the 30-day period immediately preceding her return to the United States on July 2, 1938; and that she has complied with the various regulations required by returning residents of this country.

The plaintiff contends that under the foregoing facts the furniture is entitled to free entry, first, because the plaintiff returned to the United States on July 2, 1938, being prior to the effective date of the changes made by the Customs Administrative Act, to wit, July 25, 1938, and that the 48-hour limitation of that act would only apply to residents of the United States returning after July 25, 1938; and, second, that the dutiable status of personal or household effects entering the United States after the arrival of a resident relates back to the law as it existed at the time of the resident's arrival.

The Government contends that the dutiable status of the merchandise acquired abroad but arriving subsequent to the return of a resident is fixed by the date of arrival of the merchandise rather than by the arrival of the returning resident.

The exemption provision of the Tariff Act of 1930 in effect on the date of the return of the plaintiff, to wit, July 2, 1938, T. D. 48433, provided as follows:

PAR. 1798. \* \* \* *Provided further,* That up to but not exceeding $100 in value (including distilled spirits, wines, and malt liquors aggregating not more than one wine-gallon) of articles acquired abroad by such residents of the United States for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be admitted free of duty.

However, by subsequent amendment under section 36 of the Customs Administrative Act of June 25, 1938, effective July 25, 1938, paragraph 1798 was further amended to read as follows:

PAR. 1798. \* \* \* *Provided further,* That up to but not exceeding $100 in value of articles (including distilled spirits, wines, and malt liquors aggregating not more than one wine gallon and including not more than one hundred cigars) acquired abroad by such residents of the United States as an incident of the foreign

journey for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be free of duty: *Provided further*, That (a) *in the case of articles acquired in any country other than a contiguous country which maintains a free zone or free port, the exemption authorized by the preceding proviso shall apply only to articles so acquired by a returning resident who has remained beyond the territorial limits of the United States for a period of not less than forty-eight hours.* * * * [Italics not quoted.]

Thus it will be seen that the question involved here is whether the dutiable status of merchandise acquired abroad by a resident of this country while on a trip, but arriving in the United States at a time subsequent to the return of the resident, is determined by the date the resident returned to this country or by the date of entry of the merchandise.

The Government contends that the facts in the case before us here are similar to the facts in the case of *Joseph O. Saurette* v. *United States*, 1 Cust. Ct. 38, C. D. 10, and that the judgment there is *stare decisis* in the case at bar. The importer argues that the facts and circumstances in the *Saurette* case were quite different from the facts in the case at bar in this: that in that case there was a delay of many months between the time when the resident returned and the goods in question were entered, while in the case now in suit the goods actually arrived (although not entered) prior to the time the Customs Administrative Act of 1938 went into effect. It is quite apparent from the briefs filed herein that counsel have failed to grasp the effect of our decision in the *Saurette* case, or the manner in which it differs from the case now before us.

In the *Saurette* case, the travellers purchased liquors while abroad prior to the passage of the Liquor Tax Administration Act, which changed the amount of liquor exempt from duties from a value of $100 to one wine gallon. Upon the arrival of travellers in this country they made declaration of their exemptions for the liquor which was to arrive later. However, the liquor did not arrive until after the passage of the act limiting the amount of their exemption. It was there contended that the dutiable status of the liquor related back to the time of the arrival of the returning residents. This court there held that Congress had repealed by implication the character of the exemption heretofore granted and limited the articles a traveller was privileged to import under the $100 exemption. We stated there that a special grant of exemption from duty may be withdrawn at any time, and as the privilege was withdrawn prior to the time the goods were imported the liquors were subject to duty under the tariff law in force at the time of the arrival of the merchandise.

In the case before us the character of the exemptions granted by Congress has not been affected in any way by reason of the passage of

the Customs Administrative Act of 1938. The articles such as here imported are entitled to free entry under the provisions of the tariff laws as amended by the Customs Administrative Act the same as they would have been before the effective date thereof. The change in the law, as amended, affects the status of the returning resident only, to wit, that the traveller, in order to take advantage of the exemptions granted, shall remain without the territorial limits of the United States for 48 hours. The plaintiff's right to bring $100 worth of merchandise from abroad, without the payment of duty, was established by her return to the United States upon July 2. At the time of her return there was no change either in the duty on the merchandise that she purchased abroad or upon her right to the exemption from duty thereon at the time it arrived in the United States and was entered for consumption.

It will be here noted that the Secretary of the Treasury published in T. D. 49668 for the information of collectors of customs and others concerned the following:

*Section 36, Customs Administrative Act of 1938,* approved June 25, 1938, published in T. D. 49646, prohibits the allowance of the $100 exemption provided by the third proviso to paragraph 1798, Tariff Act of 1930, as amended, *on articles acquired in any country, except Mexico, by a resident of the United States returning on or after July 25, 1938, unless such resident was outside the United States at least 48 hours.* * * * [Italics not quoted.]

This regulation, issued to collectors through bureau telegrams on July 21, 1938, clearly indicated that it had reference to articles acquired by a resident returning on or after July 25, 1938, and it was not intended to apply to articles acquired by a resident returning to the United States before the act became effective, even though the merchandise so acquired was entered after the effective date thereof.

We are of the opinion that the collector at Chicago in returning the article as dutiable acted contrary to law and the regulations. We therefore hold that the article of furniture, to wit, a Sheraton chest of drawers, acquired by plaintiff while sojourning less than 48 hours in Canada, which was purchased by her on July 1, 1938, and declared upon her return to the United States upon July 2, 1938, but not shipped from Canada until July 13, 1938, and not entered until July 28, 1938, is entitled to entry as personal or household effects of a returning resident, and therefore exempt from the payment of duty, the regulations having been complied with.

Judgment will therefore be entered in favor of the plaintiff, directing the collector to reliquidate the entry and make refund of all duty taken.