**No. 49242.**—Protest 75411–K of Joseph Winterbotham (Ogdensburg).

Keefe, Judge:   This controversy arises because of the assessment of duty by the collector at the port of Ogdensburg upon a suit of clothes purchased by the plaintiff while in Canada.   The plaintiff claims that he is entitled to an exemption from duty under the provisions of paragraph 1798 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, the pertinent portions of the statute in question reading as follows:

Par. 1798. * * *:   *Provided further*, That up to but not exceeding $100 in value of articles (including distilled spirits, wines, and malt liquors aggregating not more than one wine gallon and including not more than one hundred cigars) acquired abroad by such residents of the United States as an incident of the foreign journey for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be free of duty: *Provided further*, That (a) in the case of articles acquired in any country other than a contiguous country which maintains a free zone or free port, the exemption authorized by the preceding proviso shall apply only to articles so acquired by a returning resident who has remained beyond the territorial limits of the United States for a period of not less than forty-eight hours * * * *Provided further*, That the exemption authorized by the second preceding proviso shall apply only to articles declared in accordance with regulations to be prescribed by the Secretary of the Treasury by a returning resident who has not taken advantage of the said exemption within the thirty-day period immediately preceding his return to the United States: * * *.

At the trial it was established that the plaintiff with his wife went to Montreal from Burlington, Vt., on May 29, 1941, for the purpose of arranging for a baseball game between a Canadian team and an American team.   While there, at the suggestion of his wife the plaintiff ordered a suit of clothes to be made.   On May 30 a basting fitting was had and the plaintiff and his wife returned to the United States.   On June 3 the plaintiff returned to Canada to continue the purpose of his first trip, and while there he visited the tailor to determine whether or not he could obtain other fittings and could obtain the suit to bring back with him to the United States.   Upon the first trip to Canada the plaintiff was not beyond the territorial limits of the United States for 48 hours, but upon the second trip he was obliged to remain for a period of 78 hours, and when he returned he brought with him the suit of clothes in question, which he declared as articles acquired abroad and claimed to be exempt from duty under the personal exemption clause, *supra*.

The plaintiff claims that he acquired the suit on June 4 when it was tried on, found satisfactory, and paid for.   The Government maintains that the plaintiff

acquired the suit during his first visit to Canada, and since that visit was of less than 48 hours duration, he is not entitled to the exemption provided for in paragraph 1798, citing *Levin* v. *United States,* C. D. 307, 4 Cust. Ct. 142; T. D. 49668 (3), 74 Treas. Dec. 101; T. D. 45464 (6), 61 Treas. Dec. 321; T. D. 42442, 52 Treas. Dec. 277; and *Leland Powers* v. *United States,* T. D. 49554, 73 Treas. Dec. 788.

We are of the opinion that the position taken by the Government is sound, and in accordance with the authorities cited. In the *Levin* case, *supra,* the Government contended that the dutiable status of the merchandise acquired abroad but arriving subsequent to the return of a resident is fixed by the date of the arrival of the merchandise rather than by the arrival of the returning resident. The court held, however, that the status of the resident at the time of return to the United States would govern rather than the date of arrival of the merchandise. In the *Leland Powers* case, *supra,* the plaintiff ordered two suits of clothes in the United States from an agent of a London tailor and had the suits shipped to Bermuda where he intended to spend the winter. Upon his return to the United States he claimed that the suits were acquired abroad. However, the collector denied an exemption of duty and the controversy came before this court for decision. In sustaining the collector's assessment of duty, the court stated:

We are of the opinion that when a resident of the United States places an order with a foreign manufacturer for wearing apparel to be ·custom made from materials selected while residing in the United States, and before his departure to a foreign country, he has "acquired" said garments to all intents and purposes before his departure abroad. Therefore, the plaintiff here acquired the gabardine suits in question, and became liable for the payment thereof, before leaving the United States. In such circumstances the incident of delivery of the same to him while abroad does not bring the possession thereof upon his return to the United States within the meaning of the words "acquired abroad" contained in paragraph 1798.

In the situation before us in this case, in view of the interpretation of the statute by the courts, fully sustaining the position taken by the Treasury Department in the foregoing cited Treasury decisions, the plaintiff *acquired* the suit in question upon his first trip to Canada. Upon his return to the United States he could have declared the same and had he remained abroad for a period of 48 hours or longer he would have been entitled to an exemption in duty. The conditions attaching to the acquisition of articles abroad become fixed at the time of his first return. A subsequent trip abroad which would enable him to accept delivery of an article previously acquired will not revive any rights of exemption from duties upon such article, of which he had been unable to take advantage because of his early return.

For the reasons stated, judgment will be entered in favor of the Government.